Case 1:19-cv-00180   Document 14   Filed on 11/17/20 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE BARRON-MORALES, § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:19-cv-180 |
| § | CRIM. ACTION NO. 1:16-1055-1 |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 19, 2019, Petitioner Jose Barron-Morales filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

On November 25, 2019, the Government filed a motion for summary judgment. Dkt. No. 11. Barron-Morales filed a response to that motion. Dkt. No. 12.

After reviewing the record and the relevant case law, it is recommended that the petition be dismissed as untimely filed.

**I. Background**

    **A. Indictment, Guilty Plea & Sentencing**

On November 29, 2016, the grand jury indicted Barron-Morales on one count of illegally re-entering the United States after being been previously deported, a violation of 8 U.S.C. § 1326(a) & (b)(1). U.S. v. Barron-Morales, Criminal No. 1:16-1055-1, Dkt. No. 7 (J. Hanen presiding) [hereinafter CR]. The indictment alleged that Barron-Morales was found in the United States on November 4, 2016. Id.

On February 7, 2017, Barron-Morales pled guilty to the sole count in the indictment, but did not enter into a plea agreement with the Government. CR Dkt. No. 32.

In the final presentence report ("PSR"), Barron-Morales was assessed a base offense level of eight. CR Dkt. No. 13, pp. 5-6. He was also assessed a four–level enhancement for a prior felony conviction for illegal re-entry, a violation of 8 U.S.C. 1326(a). Id. He was also assessed an eight-level enhancement for a prior felony conviction, other than illegal re-entry. Id.

Barron-Morales was afforded a three-level reduction for acceptance of responsibility. Id. Thus, Barron-Morales was assessed a total offense level of 17. Id.

Regarding his criminal history, Barron-Morales had thirteen adult criminal convictions and was assessed 17 criminal history points, resulting in a criminal history category of VI. CR Dkt. No. 13, pp. 15-20. An offense level of 17 and criminal history category of VI produced a sentencing guideline imprisonment range of 51 to 63 months.

On May 16, 2017, the Court sentenced Barron-Morales to 63 months of incarceration, three years of supervised release, and a $100 special assessment, the last of which was ordered remitted. CR Dkt. No. 19. The judgment was entered on June 7, 2017. Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. Fed. R. App. P. 4(b)(1)(A), 26(a)(2).  Therefore, Barron-Morales's deadline for filing a notice of direct appeal passed on June 21, 2017. Id.

**B. First Habeas Petition**

On April 30, 2018, Barron-Morales timely filed a § 2255 petition attacking his conviction. Barron-Morales v. U.S., Civil Case 1:18-73 (S.D. Tex. 2018) (J. Rodriguez, presiding) (hereafter First Habeas), Dkt. Nos. 1, 8.  Barron-Morales alleged:  (1) his attorney never informed him that he could receive additional points for acceptance of responsibility if he accepted the Government's plea offer; and, (2) his lawyer never discussed with him whether he wanted to appeal his conviction. Id.

On July 23, 2018, the Court ordered trial counsel Rudy Rodriguez to file an affidavit responding to the allegations contained in the petition. First Habeas, Dkt. No. 18.

On July 25, 2018, Rodriguez filed an affidavit, stating that after the sentencing hearing, he discussed with Barron-Morales his right to appeal and that Barron-Morales informed him that he did not wish to appeal. First Habeas, Dkt. No. 10.  Rodriguez included a waiver of right to appeal, signed by Barron-Morales. Id.

On October 5, 2018, the Court held an evidentiary hearing on the petition. First Habeas, Dkt. No. 35.  At that hearing, Barron-Morales withdrew his § 2255 petition. Id.

2

The Court questioned Barron-Morales to ensure he understood the consequences of withdrawing his petition.

>   [Court] Okay. And what I've got here is a form that's indicating that you've changed your mind.
>
>   [Barron-Morales] Yes.
>
>   [Court]: That you don't want to pursue this 2255.
>
>   [Barron-Morales] Yes.
>
>   [Court] And I just need to give you some advice about that just so that you understand exactly what you're doing. The first thing is that you're asking the Court to withdraw your petition without prejudice to refiling. Now, normally, that would mean that you could refile the petition later if you changed your mind. But in this situation, because it will have been so long, you may not be able to file it at a later date. So, this may be your only time to have the 2255 petition considered. Do you understand that?
>
>   [Barron-Morales] Yes.
>
>   [Court] All right. Under those circumstances you would not have the ability to file a new petition. Do you understand? Do you understand that?
>
>   [Barron-Morales] Yes.
>
>   [Court] Okay. And do you still wish to withdraw your petition?
>
>   [Barron Morales] Yes.

First Habeas, Dkt. No. 35, pp. 4-5.

On that same day, the Court granted the motion to withdraw and the case was closed. First Habeas, Dkt. No. 28.[1]

---

[1] Because the first habeas petition was voluntarily dismissed and was never adjudicated on the merits, it does not serve to bar the instant complaint as a second or successive petition. Stewart v. Martinez-Villareal, 523 U.S. 637, 645 (1998).

### C. Current Petition

On September 19, 2019, Barron-Morales filed the instant § 2255 petition. Dkt. No. 1. In his petition, Barron-Morales alleges that Rodriguez did not ask him if he wanted to appeal when he asked Barron-Morales to sign a paper stating that he did not want to appeal. Id.[2]

On September 26, 2019, the Court ordered the Government to respond to the petition. Dkt. No. 4.

On November 25, 2019, the Government filed a motion for summary judgment, arguing that the petition was untimely filed and meritless. Dkt. No. 11.

On January 30, 2020, Barron-Morales filed a response brief. Dkt. No. 12.

## II. Applicable Law

### A. Section 2255

Barron-Morales seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

---

[2] It also appears that Barron-Morales may be trying to raise a claim of ineffective assistance of counsel against his appointed counsel in the First Habeas case. The Sixth Amendment — including its guarantee of effective assistance of counsel — does not apply in habeas proceedings. In re Sepulvado, 707 F.3d 550, 554 (5th Cir. 2013). To the extent that Barron-Morales raises a claim against habeas counsel, it should be summarily denied.

4

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

### B. Timeliness

As relevant here, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as it applies to 28 U.S.C. § 2255, imposes a one-year period of limitation from the date on which judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). This operates as a statute of limitations, rather than a jurisdictional bar, and is subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

The doctrine of equitable tolling is reserved for "rare and exceptional circumstances." Id. A petitioner bears the burden of establishing that equitable tolling is appropriate. U.S. v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). The principle application of equitable tolling is where the petitioner has been actively misled about the cause of action or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is applicable only where a petitioner has otherwise diligently pursued his claim. Id. at 403.

### III. Analysis

Barron-Morales is proceeding pro se. Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

As discussed below, Barron-Morales's petition is untimely filed and should be dismissed for that reason.

### A. Untimely Filed

On April 24, 1996, the AEDPA was signed into law and created a one-year statute of limitations for filing § 2255 petitions. U.S. v. Flores, 135 F.3d 1000, 1001 (5th Cir.

1998). The Court must determine which of the statute's provisions apply to start the limitations period.

The limitations period runs "from the latest" of the following:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### 1. 28 U.S.C. § 2255(f)(1)

If the limitations period begins to run on "the date on which the judgment of conviction becomes final," then the limitations period expired on June 21, 2018. This conclusion follows from the fact that Barron-Morales's conviction became final on June 21, 2017, when the time for filing a direct appeal expired. U.S. v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008). Barron-Morales had one year from that date to timely file a petition under § 2255(f)(1). Barron-Morales did not file this petition until September 19, 2019, making it untimely filed by over a year.

The Court notes that there is no provision — either in the statutes or the caselaw — which tolls this deadline during the period in which the First Habeas case was pending. Cf. 28 U.S.C. § 2254(d)(2) (tolling the one-year deadline for a § 2254 petition during the period in which a properly filed state habeas petition is pending in the state courts). The deadline found in § 2255(f)(1) is not tolled by the filing of other habeas petitions. Jimenez v. U.S., No. 02 CIV.1187 (SAS), 2002 WL 1870060, at *2 n. 2 (S.D.N.Y. Aug. 14, 2002); U.S. v.

Perez, No. CIV.A. C-10-107, 2011 WL 1337106, at *3 (S.D. Tex. Apr. 6, 2011).  Thus, under § 2255(f)(1), this claim is untimely filed.

### 2.  28 U.S.C. § 2255(f)(2)

Section 2255(f)(2) would appear to be inapplicable in this case. There is no evidence in the record showing that Barron-Morales "was prevented from making a motion by such governmental action." § 2255(f)(2).

### 3.  28 U.S.C. § 2255(f)(3)

As to § 2255(f)(3), Barron-Morales is not relying on a newly recognized constitutional right as the substantive basis for relief.  He is apparently relying on his right to have counsel consult with him about an appeal, a right that was recognized almost 20 years ago. Roe v. Flores-Ortega, 528 U.S. 470, 483-85 (2000).

Accordingly, § 2255(f)(3) is inapplicable in this case.

### 4.  28 U.S.C. § 2255(f)(4)

As for § 2255(f)(4), the factual predicates for Barron-Morales's claim could have been discovered long ago.  The Court notes that § 2255(f)(4) is only applicable if the petitioner exercised due diligence in seeking out the underlying factual predicate. U.S. v. Rodriguez, 858 F.3d 960, 962 (5th Cir. 2017).  Barron-Morales was clearly aware of the facts of his claim, because he timely raised them in the First Habeas case.  Given that Barron-Morales was clearly aware of the factual predicates of his claim, he cannot claim the benefit of an extended statute of limitations under § 2255(f)(4).

In sum, the statute permits Barron-Morales to file from the latest date afforded by § 2255(f)(1)-(4). Under the facts in this case, the only applicable statute is § 2255(f)(1). Accordingly, his petition should have been filed no later than June 21, 2018, under § 2255(f)(1).  Because the petition was filed after that date, this claim is untimely filed.

The only possible exception would be if the petition is timely, because of equitable tolling.  Thus, the Court must consider whether equitable tolling is appropriate and saves the failure to timely file.

7

### 5. Equitable Tolling

Simply stated, there is no basis for equitable tolling in this case. Equitable tolling requires that Barron-Morales pursue his rights diligently. U.S. v. Wheaten, 826 F.3d 843, 851 (5th Cir. 2016). Barron-Morales is required to show that he exercised "reasonable diligence[.]" He is not, however, required to prove "maximum feasible diligence." Holland v. Fla., 560 U.S. 631, 653 (2010). Nevertheless, under any standard, Barron-Morales failed to exercise the required diligence.

Barron-Morales timely filed a habeas petition and dismissed it without prejudice to refiling, after having been warned that he may not be permitted to refile based on the application of § 2255(f)(1). First Habeas, Dkt. No. 35, pp. 4-5. He has not demonstrated any change in circumstances that would justify equitable tolling. This claim was untimely filed and should be dismissed on that basis.[3]

## IV. Recommendation

`       It is recommended that the Petitioner Jose Barron-Morales's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1 be dismissed as untimely filed.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a), (c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason

---

[3] Even if the Court were to find that this petition was timely filed, it would still recommend that relief be denied. This recommendation follows from the fact that, even if the Court assumes that Barron-Morales's version of events is correct, Barron-Morales never alleged that he specifically instructed Rodriguez to file an appeal. Rather, Barron-Morales alleges that Rodriguez did not consult with him concerning an appeal. Thus, the Court must determine if Rodriguez acted unreasonably in not consulting Barron-Morales about an appeal. U.S. v. Cong Van Pham, 722 F.3d 320, 324 (5th Cir. 2013). In order to satisfy this standard, Barron-Morales must plead facts showing that (1) a rational defendant would want to appeal and (2) that he reasonably demonstrated to counsel that he was interested in appealing. Id. Barron-Morales has not shown that he reasonably demonstrated an interest in appealing, precluding relief.


could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Barron-Morales's § 2255 motion and the applicable Fifth Circuit precedent, it is recommended that a certificate of appealability should be denied.  Although Barron-Morales's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objection must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on November 17, 2020.

                                    Ronald G. Morgan
                                    United States Magistrate Judge